UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

KEVIN GILL,

                Petitioner,

    v.

ISIDRO BACA, *et al.*,

                Respondents.

Case No. 3:20-cv-00097-MMD-CLB

ORDER

**I.    SUMMARY**

This is a habeas corpus action under 28 U.S.C. § 2254 filed by a person in the custody of the Nevada Department of Corrections. Petitioner Kevin Gill has filed an application to proceed *in forma pauperis* (ECF No. 1), a petition for a writ of habeas corpus, and a motion for appointment of counsel. Because Gill is unable to pay the filing fee, the Court grants the application to proceed *in forma pauperis*. The Court has reviewed the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. As further explained below, Gill will need to show cause why the Court should not dismiss this action as untimely. The Court also denies the motion for appointment of counsel.

**II.    BACKGROUND**

The Court takes judicial notice of two prior habeas corpus actions that Gill filed in this court, *Gill v. Baca*, Case No. 3:14-cv-00628-MMD-WGC ("*Gill I*"), and *Gill v. Baca*, Case No. 3:18-cv-00180-MMD-CLB ("*Gill II*"). The Court borrows from *Gill I* part of the procedural history in both the state courts and in this Court.

After a jury trial in the state district court, Gill was convicted of robbery with the use of a firearm. On March 3, 2006, the state district court determined that Gill was a habitual criminal under Nev. Rev. Stat. § 207.010 and sentenced him to life imprisonment without

the possibility of parole. *See Gill I* at ECF No. 23-21. Gill appealed. The Nevada Supreme Court affirmed on July 10, 2008. *See id.* at ECF No. 25-5. On September 15, 2008, the Nevada Supreme Court denied rehearing but clarified its decision. *See id.* at ECF No. 25-8. On November 17, 2008, the Nevada Supreme Court denied *en banc* reconsideration. *See id.* at ECF No. 25-12.

On September 16, 2009, Gill filed a post-conviction habeas corpus petition in the state district court. *See id.* at ECF No. 25-17. The state district court appointed counsel, who filed a supplemental petition. *See id.* at ECF No. 26-8. The state district court denied the petition and the supplement. *See id.* at ECF No. 26-21. Gill appealed. The Nevada Supreme Court affirmed on November 12, 2014. *See id.* at ECF No. 27-13. Remittitur issued on December 9, 2014. *See id.* at ECF No. 27-14.

On November 25, 2014, Gill dispatched the petition in *Gill I* to this Court. The Court appointed the Federal Public Defender provisionally to represent him. *See id.* at ECF No. 4. The Federal Public Defender notified the court that it had a conflict of interest. *See id.* at ECF No. 7. The Court then appointed Brian Hagen as substitute counsel. *See id.* at ECF No. 8. Hagen filed a first amended petition. *See id.* at ECF No. 16.

Gill was dissatisfied that Hagen did not raise as many grounds as Gill would have liked him to raise. Hagen moved to withdraw from representation of Gill. *See id.* at ECF No. 34. Gill moved *pro se* for appointment of new counsel. The Court granted Hagen's motion and denied Gill's motion. *See id.* at ECF No. 44. The Court noted that it had appointed counsel not to act as Gill's scrivener, but to raise the claims that had potential merit. *See id.* at ECF No. 44, at 2. The Court also noted that Gill's request merely was "the latest in a long line of petitioner's attempts to replace counsel because he did not agree with counsel's judgment." *Id.* Consequently, the interests of justice no longer were in favor of counsel representing Gill. *See id.*

*Gill I* then proceeded on Gill's proper-person second amended petition. *See id.* at ECF No. 45. The Court found that Gill had not exhausted his state-court remedies for

some of his grounds for relief. *See id.* at ECF No. 54. The Court informed Gill of his choices:

> Petitioner may voluntarily dismiss the unexhausted grounds and proceed with the remaining grounds, he may voluntarily dismiss this action without prejudice while he returns to state court to exhaust the unexhausted grounds, or he may move to stay this action while he returns to state court to exhaust the unexhausted grounds. If petitioner chooses the second option, <u>the Court makes no assurances about any possible state-law procedural bars or the timeliness of a subsequently filed federal habeas corpus petition</u>. If petitioner moves to stay this action, then he must show that he has "good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 278 (2005). Also, if petitioner moves to stay this action, then he will need to designate an alternative choice in case the Court declines to stay the action. Otherwise, the Court will dismiss the action if it denies the motion to stay the action.

*Gill I* at ECF No. 54, at 4-5 (emphasis added). Gill filed both a motion to stay the case and a motion for voluntary dismissal while he returned to state court to exhaust his remedies. *See id.* at ECF Nos. 58, 63. The Court denied Gill's request for a stay because he had not shown good cause for his failure to exhaust and because he had made no arguments about potential merit or dilatory tactics. *See id.* at ECF No. 64, at 1. The Court granted Gill's motion for voluntary dismissal. The court noted:

> Petitioner asks that the dismissal be without prejudice. Technically, such a dismissal would be without prejudice. However, <u>the Court makes no promises that any habeas corpus petition filed in this Court after petitioner exhausts his state-court remedies would be timely. As always, petitioner remains solely responsible for filing a petition within the one-year limit of 28 U.S.C. § 2244(d)(1)</u>.

*Gill I* at ECF No. 64, at 2 (emphasis added). The court dismissed *Gill I* on March 7, 2018. *See id.*

On April 25, 2018, Gill commenced *Gill II* with a motion for relief from the judgment. On August 13, 2018. The court directed Gill to file a habeas corpus petition on the Court's § 2254 form. *Gill II* at ECF No. 7. The Court also noted that if Gill was trying to exhaust his state-court remedies, then he filed his motion in the wrong court. *See id.* Gill filed nothing in *Gill II*. In *Gill I*, he filed a motion for stay and abeyance or a motion to dismiss without prejudice on September 7, 2018. *See Gill I* at ECF No. 66. In *Gill I*, the Court denied the

motions as moot because the Court already had dismissed the action. *See id.* at ECF No. 68. In *Gill II*, the Court gave Gill the opportunity to file those motions in the open action, and the Court gave Gill additional time to file a habeas corpus petition. *See Gill II* at ECF No. 10. Gill filed nothing. On December 11, 2018, the Court dismissed the action because Gill had not complied with the earlier order. *See id.* at ECF No. 11.

On October 5, 2018, Gill filed his second post-conviction habeas corpus petition in the state district court. (ECF No. 1-1 at 35.[1]) The state district court dismissed the petition without reaching a decision on the merits. On appeal, the Nevada Court of Appeals held that the second state petition was untimely under Nev. Rev. Stat. § 34.726(1) because Gill filed it nearly 10 years after issuance of the remittitur on direct appeal on October 10, 2008. (*Id.*) On December 20, 2019, the Nevada Court of Appeals also held that the petition was successive because Gill had previously filed a post-conviction habeas corpus petition, and that the petition was an abuse of the writ because Gill was raising grounds that he had not raised in his previous petition. (*Id.*) (citing Nev. Rev. Stat. § 34.810(1)(b)(2) and Nev. Rev. Stat. § 34.810(2)). The Nevada Court of Appeals rejected Gill's arguments for good cause and prejudice to overcome those procedural bars. (ECF No. 1-1 at 36-38.)

Gill then commenced this action. He dated his petition February 10, 2020, and the court received it on February 11, 2020.

## III.  LEGAL STANDARD

Congress has limited the time in which a person can petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by

---

[1] The Court is referring to a copy of an order of affirmance of the Nevada Court of Appeals, attached to the petition in this action, for this portion of the procedural history.

4

the Supreme Court and made retroactively applicable to cases on collateral review; or
  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If the judgment is appealed, then it becomes final when the Supreme Court of the United States denies a petition for a writ of certiorari or when the time to petition for a writ of certiorari expires. *See Jimenez v. Quarterman*, 555 U.S. 113, 119-20 (2009). *See also* Sup. Ct. R. 13(1). Any time spent pursuing a properly filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. *See* 28 U.S.C. § 2244(d)(2). The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur. *See Jefferson v. Budge*, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005). An untimely state post-conviction petition is not "properly filed" and does not toll the period of limitation. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). A prior federal habeas corpus petition does not toll the period of limitation. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

  Section 2244(d) is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace*, 544 U.S. at 418).

  Actual innocence can excuse operation of the statute of limitations. *See McQuiggin v. Perkins*, 569 U.S. 383, 386-87 (2013). "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 386 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). "[A]ctual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). "In cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." *Id.* at 624.

///

The petitioner effectively files a federal petition when he delivers it to prison officials to be forwarded to the clerk of the court. *See* Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts. The Court can raise the issue of timeliness on its own motion. *See Day v. McDonough*, 547 U.S. 198, 209 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).

**IV.    DISCUSSION**

   **A.    Timeliness**

On its face, the petition is untimely. The judgment of conviction became final at the end of February 16, 2009, 90 days after the Nevada Supreme Court denied rehearing *en banc*, plus a day because the deadline otherwise fell on a Sunday. When Gill filed his first state post-conviction habeas corpus petition on September 16, 2009, 211 non-tolled days had passed.[2] The federal one-year period then was tolled under 28 U.S.C. § 2244(d)(2) while the state post-conviction proceedings were pending. Those proceedings ended when the Nevada Supreme Court issued its remittitur on December 9, 2014.

Gill effectively commenced *Gill I* on November 25, 2014, before the Nevada Supreme Court issued its remittitur. However, *Gill I* did not toll the one-year period because it was a federal petition, not a state petition. *See Duncan*, 533 U.S. at 181-82. *Gill II* did not toll the one-year period for the same reason. Consequently, the one-year period expired at the end of May 12, 2014.

Gill's second state post-conviction habeas corpus petition did not toll the one-year period for two reasons. First, the state courts determined that that petition was untimely. An untimely state petition does not qualify for tolling under § 2244(d)(2). *See Pace*, 544 U.S. at 417. Second, the one-year period already had expired more than four years before Gill filed his second state petition, and no time was left for tolling. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

///

---

[2]The Court does not count the date of filing of the state petition as a non-tolled day.

6

Consequently, Gill commenced this action more than five and a half years after the one-year period had expired. Gill will need to show cause why the Court should not dismiss this action as untimely.

### B.    Appointment of Counsel

Whenever the court determines that the interests of justice so require, counsel may be appointed to any financially eligible person who is seeking habeas corpus relief. *See* 18 U.S.C. § 3006A(a)(2)(B). "[T]he district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952 (9th Cir. 1983). There is no constitutional right to counsel in federal habeas proceedings. *See McCleskey v. Zant*, 499 U.S. 467, 495 (1991). The factors to consider are not separate from the underlying claims, but are intrinsically enmeshed with them. *See Weygandt*, 718 F.2d at 954.

The Court denies the motion for appointment of counsel for two reasons. First, the petition is untimely on its face. Gill will need to show that the Court should not dismiss this action before the Court will consider appointing counsel. Second, the Court has been down this road before with Gill, appointing counsel only to find that Gill has yet again rejected his counsel's professional judgment. As the court has stated in *Gill I*, the interests of justice are not in favor of appointing counsel to represent Gill.

### V.    CONCLUSION

It is therefore ordered that the application to proceed *in forma pauperis* (ECF No. 1) is granted. Petitioner need not pay the filing fee of five dollars ($5.00).

It is further ordered that the Clerk of Court file the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and the motion for appointment of counsel, currently in the docket at ECF No. 1-1 and ECF No. 1-2, respectively.

It is further ordered that the motion for appointment of counsel is denied.

///

///

It is further ordered that Petitioner will have 45 days from the date of entry of this order to show cause why the Court should not dismiss this action as untimely. Failure to comply with this order will result in the dismissal of this action.

It is further ordered that the Clerk of Court add Aaron Ford, Attorney General for the State of Nevada, as counsel for Respondents.

It is further ordered that the Clerk of Court electronically serve upon Respondents a copy of the petition and this order. Respondents' counsel must enter a notice of appearance herein within 21 days of entry of this order, but no further response will be required from Respondents until further order of the Court.

DATED THIS 14th day of February 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE