UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| KEVIN GILL, | Case No. 3:20-cv-00097-MMD-CLB |
| Petitioner, | ORDER |
| v. | |
| ISIDRO BACA, *et al.*, | |
| Respondents. | |

## I.   SUMMARY

This is a habeas corpus action under 28 U.S.C. § 2254. The Court directed Petitioner, Kevin Gill, to show cause why the Court should not dismiss the action as untimely under 28 U.S.C. § 2244(d)(1). (ECF No. 3 ("OSC").) Gill filed a response. (ECF No. 11.) As further explained below, the Court will dismiss the action as untimely because the Court finds Gill's response unpersuasive.

## II.   LEGAL STANDARD

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims

1    presented could have been discovered through the exercise of due
     diligence.
2

3    28 U.S.C. § 2244(d)(1).

4    **III.     DISCUSSION**

5          **A.     CORRECTION OF TWO ERRORS**

6          First, the Court's order to show cause has an error in its calculations. The Court

7    stated that the federal one-year limitation period expired at the end of May 12, 2014. (ECF

8    No. 3 at 6.) The correct date that the one-year period expired was May 12, 2015. This

9    correction does not affect the Court's conclusion that the action is untimely.

10         Second, the pages in Gill's response to the Court's order to show cause are not

11   consecutive. The correct order, using the ECF-generated page numbers, is 1 through 3,

12   5 through 7, 4, and 8. (ECF No. 11.)

13         **B.     GILL'S RESPONSE TO THE OSC**

14         Gill's response does not address the issue of timeliness that the Court identified in

15   the OSC. At the start, he writes, "In the court[']s argument of Kevin Gill's petition stating in

16   the affirmance: '…The district court errored [sic] by not reaching the merits of the claims

17   raised on his habeas petition…'" (ECF No. 11 at 2.) Gill is quoting the decision of the

18   Nevada Court of Appeals to affirm the denial of his second state post-conviction habeas

19   corpus petition. (*Id.* at 18.) Gill then argues that he could not have invoked Rule 60 of the

20   Federal Rules of Civil Procedure because Rule 60 of the Nevada Rules of Civil Procedure

21   does not contain the provision that he needed. (*Id.* at 2.) This is in response to the Nevada

22   Court of Appeals holding that the Federal Rules of Civil Procedure are inapplicable in

23   Nevada state courts. (*Id.* at 20.) Then Gill argues that his petition "is not successive"

24   because he filed it with "*newly discovered evidence*." (*Id.* at 2 (emphasis in the original).)

25         Gill appears to think the Court is reviewing the decision of the Nevada Court of

26   Appeals. Gill is incorrect. The Court does not sit as a court of review over the state courts.

27   The Court has determined that this federal petition is untimely under federal law. In the

28   OSC, the Court gave Gill the opportunity to explain why the Court should not dismiss this

action.

## C.    GILL'S TIMELINESS ARGUMENTS

Nonetheless, Gill's arguments as to why his second state petition was not successive can also be construed as arguments that he did not learn of the factual predicate of his claim until later—to delay the start of the federal one-year period under 28 U.S.C. § 2244(d)(1)(D). The Court has considered his arguments as such, but the Court is not persuaded.

Gill also argues that the arresting officer, prosecutor, justice of the peace, and public defender were all confederates in denying his rights under the Fourth Amendment. He alleges that his initial arraignment occurred 72 hours after his arrest, while the maximum permissible time for an initial probable-cause determination is 48 hours. *See County of Riverside v. McLaughlin*, 500 U.S. 44 (1991). Gill also alleges that these people violated *Powell v. Nevada*, 511 U.S. 79 (1994), which held that *McLaughlin* applies retroactively to cases not yet final at the time of *McLaughlin*'s decision.

The one-year period can run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). "The 'due diligence' clock starts ticking when a person knows or through diligence could discover the vital facts, regardless of when their legal significance is actually discovered." *Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2012).

Gill has not presented any newly discovered evidence. He was present when he was arrested. He was present when he was arraigned three days later. Thus, he had personal knowledge of the facts underlying his *McLaughlin* claim as they happened, and they happened before his judgment of conviction became final. The one thing Gill might have discovered years later was the legal significance of the time between arrest and initial arraignment. However, as *Ford* holds, discovery of legal significance does not affect the start of the one-year period because Gill knew of the facts years earlier. The one-year period began after Gill's judgment of conviction became final. *See* 28 U.S.C.

1   § 2244(d)(1)(A).

2       In sum, the Court's conclusion remains unchanged. Gill's judgment of conviction

3   became final at the end of February 16, 2009. Between that date and September 16, 2009,

4   when he filed his first state habeas corpus petition, 211 non-tolled days passed. The time

5   spent on the first state habeas corpus petition was tolled under 28 U.S.C. § 2244(d)(2).

6   The first state habeas corpus petition concluded with the issuance of the remittitur on

7   December 9, 2014. Gill had nothing else that qualified for tolling that was pending in the

8   state courts during the remaining federal one-year period. The federal one-year period

9   expired, with the correction noted above, at the end of May 12, 2015.

10      Moreover, Gill's two prior federal habeas corpus petitions did not toll the one-year

11  period because they were ineligible for tolling under § 2244(d)(2). *See Duncan v. Walker*,

12  533 U.S. 167, 181-82 (2001).

13      In addition, Gill's second state habeas corpus petition did not toll the one-year

14  period for two reasons. First, the state courts determined that the petition was untimely.

15  An untimely state petition does not qualify for tolling under § 2244(d)(2). *See Pace v.

16  DiGuglielmo*, 544 U.S. 408, 417 (2005). Second, the one-year period had already expired

17  more than three years before Gill filed his second state petition. No time was left for tolling.

18  *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

19      Gill dated his current federal habeas corpus petition February 10, 2020. The Court

20  received it on February 11, 2020. This was more than four and a half years after the one-

21  year period had expired. Thus, the petition is untimely, and the Court dismisses it.

22      **D.    CERTIFICATE OF APPEALABILITY**

23      To appeal the denial of a petition for a writ of habeas corpus, Petitioner must obtain

24  a certificate of appealability, after making a "substantial showing of the denial of a

25  constitutional right." 28 U.S.C. §2253(c).

26      Where a district court has rejected the constitutional claims on the merits,
    the showing required to satisfy §2253(c) is straightforward: The petitioner
27  must demonstrate that reasonable jurists would find the district court's
    assessment of the constitutional claims debatable or wrong. The issue
28  becomes somewhat more complicated where, as here, the district court

4

1
2
3
4

dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

5
6
7
8
9
10
11
12
13
14

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077-79 (9th Cir. 2000). Gill's sole claim in his petition is that he received a judicial determination of probable cause 72 hours after his warrantless arrest, in violation of *County of Riverside v. McLaughlin*, 500 U.S. 44 (1991). Gill was arrested on May 11, 2004. (ECF No. 4 at 29.) A justice of the peace reviewed the probable-cause affidavit and found probable cause on May 12, 2004. (ECF No. 4 at 31.) Thus, Gill received a prompt determination of probable cause. Gill does not state a valid claim regarding the denial of a constitutional right, and reasonable jurists would not find that determination debatable. Reasonable jurists also would not find debatable the Court's determination that Gill's petition is untimely. The Court will not issue a certificate of appealability.

15
## IV.    CONCLUSION

16
17
It is therefore ordered that this action is dismissed with prejudice because it is untimely.

18
It is further ordered that a certificate of appealability will not issue.

19
The Clerk of Court is directed to enter judgment accordingly and close this case.

20
DATED THIS 20th Day of August 2020.

21
22
23
24

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

25
26
27
28